# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY HERMAN,

    Plaintiff,

        v.

LACKAWANNA COUNTY, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:CV-13-1697

(JUDGE CAPUTO)

(MAGISTRATE JUDGE CARLSON)

## **MEMORANDUM**

Presently before the Court are Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 5), Plaintiff's Motion to Extend Time (Doc. 6), and Plaintiff's Motion for Appointment of Counsel. (Doc. 7.) Plaintiff commenced this action on June 21, 2013. (Doc. 1.) Named as Defendants in the Complaint are Lackawanna County, Lackawanna County Domestic Relations, and two individual staff members of the Lackawanna County Domestic Relations office. Rather than set forth the factual basis for his claim, Plaintiff simply refers to a prior lawsuit he filed in this Court, *Herman v. Lackawanna County, et al.*, No. 3:09-cv-1238, which was dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure in June 2010.

Magistrate Judge Carlson issued the instant Report and Recommendation on July 1, 2013. The Magistrate Judge recommends that Plaintiff's Complaint be dismissed. However, because Plaintiff is proceeding in this action *pro se*, Magistrate Judge Carlson also recommends Plaintiff be afforded leave to file an amended complaint.

Plaintiff did not file objections to the Report and Recommendation. Instead, Plaintiff filed two motions on July 22, 2013. The first motion requests an extension of time "to obtain documentation which will provide factual elements to substantiate cause of action." (Doc. 6.) The second motion requests appointment of counsel to represent Plaintiff in this action. (Doc. 7.)

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376-77 (M.D. Pa. 1998).

As noted, Plaintiff has not filed objections to the Report and Recommendation. And, finding the Report and Recommendation free of clear error, it will be adopted and the Complaint will be dismissed. However, because Plaintiff requests additional time to obtain documentation to substantiate his claim, he will be afforded forty-five (45) days to file an amended complaint. Plaintiff's amended complaint should be a single comprehensive pleading curing the defects identified in the Report and Recommendation. Since Plaintiff will be afforded forty-five days to file an Amended Complaint, his request to extend time will be denied as moot.

Plaintiff also requests appointment of counsel to represent him in this action. Civil

litigants have no constitutional or statutory right to the appointment of counsel in a civil case. *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir.1997). Such appointment is discretionary with the court. *See* 28 U.S.C. § 1915(e)(1). "As a preliminary matter, the plaintiff's claim must have some merit in fact and law." *Parham*, 126 F.3d at 457 (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir.1993)). Once the court determines the claim has some merit, it should consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issue;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Id*. at 457 (citing *Tabron*, 6 F.3d at 155–56, 157 n. 5).

Appointment of counsel at this time is not warranted. Plaintiff's claim has not yet been determined to satisfy the pleading requirements of the Federal Rules of Civil Procedure. As such, it is unclear whether Plaintiff's claim has some merit in fact or law. Thus, the motion will be denied without prejudice. Should the need for counsel be demonstrated later, the issue can be reconsidered either *sua sponte* or upon a motion properly filed.

An appropriate order follows.

August 12, 2013  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

3